UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIS BRODE,<br><br>                Plaintiff,<br><br>    v.<br><br>XERIS PHARMACEUTICALS, INC.,<br><br>                Defendant. | No. 22 CV 2903<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss, [24], is granted. The amended complaint is dismissed with prejudice. Enter judgment and terminate civil case.

## STATEMENT

Alexis Brode sued her former employer, Xeris Pharmaceuticals, alleging that it violated her rights under the American with Disabilities Act when it instituted a COVID-19 vaccine requirement for its employees. [1].[1] Xeris moved to dismiss Brode's first complaint, [8], and I granted the motion without prejudice. [21]. Brode filed an amended complaint, [22], and Xeris once again moves to dismiss for failure to state a claim. [24]. Because Brode fails to state a plausible claim for relief under the ADA, Xeris's second motion to dismiss, [24], is granted and this case is closed.

A complaint must contain factual allegations that state the required elements of the plaintiff's claim in a way that "raise[s] a right to relief above the speculative level" to meet federal pleading requirements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court takes all well-pleaded factual allegations in the complaint as true and draws reasonable inferences in the plaintiff's favor. *Bronson v. Ann & Robert H. Lurie Child. Hosp. of Chicago*, 69 F.4th 437, 448 (7th Cir. 2023). The court does not accept conclusory allegations that just re-state the elements of a claim. *Id.* The court then considers those well-pleaded allegations and determines whether the

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings. Written instruments attached to the complaint are part of the complaint, *see* Fed. R. Civ. P. 10(c), so I consider Brode's affidavit, filed as docket entry [23].

plaintiff's claim is plausible, which requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Brode was a top-performing sales representative with Strongbridge Biopharma until it merged with Xeris Pharmaceuticals in October 2021. [22] at 10, ¶ 10. She was notified that Xeris required its employees to be vaccinated against COVID-19. *Id.* ¶¶ 11–12. In mid-October, Brode spoke on the phone with Xeris's Chief Commercial Officer; she said that she wanted to do research on the risks and benefits of the vaccine and that getting the vaccine was a personal decision. *Id.* ¶ 15. The Chief Commercial Officer replied that while he respected her position, Xeris might not be the right place for her. *Id.*

Brode contacted Xeris's HR department and asked about exemptions; she was told to submit a request for a religious exemption. [22] at 10–11, ¶¶ 16–17. Brode submitted her request for an exemption from the COVID-19 vaccine requirement in early November. [22] at 11, ¶ 18. Xeris approved her request and granted the accommodation of being placed on unpaid personal leave until Brode became vaccinated or the company ended its vaccination requirement. *Id.* ¶ 19. Brode protested the accommodation, stating it seemed like Xeris was firing her and she was not leaving the company voluntarily. *Id.* ¶ 20. Brode was placed on unpaid leave at the end of November 2021. *Id.* ¶ 22.

In March 2022, Brode sent HR an email titled "Notice of Discrimination and Harassment Based upon Disability" in which she wrote that Xeris was perceiving her as disabled and violating her rights under the ADA by requiring a COVID-19 vaccine. [22] at 11–12, ¶¶ 23–28. Brode then filed a charge of discrimination on the basis of disability and retaliation with the EEOC. [22] at 12, ¶ 29. Brode arranged a conversation with Xeris's HR and Chief Legal Officer; neither would answer her questions about the vaccine mandate and told her they would be sending a separation agreement. *Id.* ¶¶ 30–32. The separation agreement terminated Brode's employment and offered a severance package in exchange for release of her ADA claim. *See* [23] at 32–37; [22] at 12, ¶ 32. Brode counter-offered, but Xeris did not accept and this suit followed. [22] at 12–13, ¶¶ 34–38.

I.     **ADA Discrimination**

A disability discrimination claim under the ADA requires a plaintiff to plead that (1) she is an individual with a disability, (2) qualified to do her job with or without a reasonable accommodation, who (3) suffered an adverse employment action (4) because of her disability. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In order to give the defendant fair notice of her claim, she must identify her disability. *Id.* at 346.

The ADA defines "disability" in three ways: (1) having a physical or mental impairment that substantially limits one or major life activities of an individual; (2)

a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Brode alleges that Xeris misclassified her to create a record of having a disability and that Xeris regarded her as having a disability. [22] at 14–17, ¶¶ 49–70.

"An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1). Brode alleges that by tracking which employees were vaccinated and which were not, Xeris classified its employees into those with an impairment (the unvaccinated) and those without an impairment (the vaccinated). [22] at 16–17, ¶¶ 62–70. But Brode has not alleged how being unvaccinated is a mental or physical "impairment that substantially limited one or major life activities *when compared to most people in the general population*," such that being classified as "unvaccinated" is a "misclassification" creating a record of disability. *See* 29 C.F.R. § 1630.2(k)(2) (emphasis added).

Even if Brode had alleged that being unvaccinated is an impairment under the ADA, that legal conclusion has been rejected by many courts and Brode identifies none that have accepted it. *See, e.g.*, *Linne v. Alameda Health Sys.*, No. 22-cv-04981-RS, 2023 WL 3168587, at *2 (N.D. Cal. April 28, 2023) ("[A] notation that Plaintiff is 'unvaccinated' does not indicate that Defendant recorded Plaintiff as having a disability."); *Librandi v. Alexion Pharms., Inc.*, No. 3:22-cv-1126(MPS), 2023 WL 3993741, at *7 (D. Conn. June 14, 2023); *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 1:22-cv-00326 (BKS/DJS), 2023 WL 2390360, at *9 (N.D.N.Y. Mar. 7, 2023), *appeal docketed*, No. 23-407 (2nd Cir. Mar. 21, 2023); *Speaks v. Health Sys. Mgmt, Inc.*, No. 5:22-CV-00077-KDB-DCK, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022).

Instead, Brode alleges that Xeris "is misclassifying plaintiff by gathering 'vaccine status' records. However, the 'unvaccinated status' is not the disability; rather once the defendant records the 'vaccine status' it alters terms and conditions of employment for the 'unvaccinated' implement[ing] adverse employment actions." [22] at 17, ¶ 69. Brode's allegation doesn't apply the correct meaning of misclassification or disability, and the ADA does not prohibit changing the terms and conditions of employment. The ADA prohibits changing terms and conditions of employment *because* an individual has a disability (or engaged in ADA-protected activity). *See Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022). Brode's allegations are that Xeris classified her as unvaccinated, but she concedes that being "unvaccinated" is not a disability (or an impairment that substantially limits one or more major life activities). [22] at 17, ¶ 69. Xeris did not classify her as impaired, and she does not meet the statutory requirements to designed as a disabled under the "record of" prong.

An individual may also be considered disabled under the ADA if their employer regards them as having a substantial impairment, whether or not the actual or perceived impairment limits a major life activity. 42 U.S.C. § 12102(1)(C), (3)(A).

3

However, the employer must regard the employee as currently having the impairment; the "regarded as" prong does not reach an employer's concern about a future impairment. *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 335–36 (7th Cir. 2019). Brode alleges that Xeris "treats her as if she has a substantially limiting impairment, because it requires treatment for the impairment" and that "[t]hrough its Covid policy, defendant regards and treats plaintiff as if she has an on-going and indefinite condition of impairment that warrants the mitigation measures outlined in its policy." [22] at 15, ¶¶ 54–55. Although Brode makes the conclusory allegation that Xeris regards her as having an "on-going condition of impairment," being unvaccinated is not an "on-going impairment." *See, e.g., Ellis v. United Airlines, Inc.*, No. 23 C 123, 2023 WL 5722887, at *2 (N.D. Ill. Sept. 5, 2023) ("[T]he fact that United perceived Ellis as having a higher risk of contracting COVID-19 in the future due to his unvaccinated status does not allege a disability under the ADA."); *Chancey v. BASF*, No. 23-40032, 2023 WL 6598065, at *2 (5th Cir. Oct. 10, 2023); *Jorgenson v. Conduent Trans. Sols., Inc.*, No. SAG-22-01648, 2023 WL 1472022, at *4 (D. Md. Feb. 2, 2023), *aff'd*, No. 23-1198, 2023 WL 4105705 (4th Cir. June 21, 2023); *Kale v. Aero Simulation, Inc.*, No. 5:22-CV-05081-KES, 2023 WL 6255013, at *3–4 (D. S.D. Sep. 26, 2023), *appeal docketed*, 23-3380 (8th Cir. Oct. 26, 2023); *Halczenko v. Ascension Health, Inc.*, No. 1:21-cv-02816-JPH-MG, 2023 WL 3558907, at *2 (S.D. Ind. May 19, 2023); *Gallo v. Washington Nat'ls Baseball Club, LLC*, No. 22-cv-01092 (APM), 2023 WL 2455678, at *4 (D.D.C. Mar. 10, 2023); *Hice v. Mazzella Lifting Techs., Inc.*, 589 F.Supp.2d 539, 550 (E.D. Vir. Mar. 4, 2022). Brode does not plausibly allege that Xeris regarded her as disabled.

The complaint does not plausibly allege that Xeris regarded Brode as having a disability or recorded her as having a disability. The distinction that Xeris acted upon was between employees who had received the COVID-19 vaccine and employees who had not received the COVID-19 vaccine. Not being vaccinated is not a disability under the ADA, so Brode cannot state an ADA claim for discrimination.[2]

## II. ADA Retaliation

An ADA retaliation claim requires a plaintiff to plead that (1) she engaged in a statutorily protected activity, (2) suffered an adverse action, and (3) there is a causal connection between the two. *Koty v. DuPage County, Illinois*, 900 F.3d 515, 519 (7th Cir. 2018).

---

[2] To the extent that Brode seeks to bring a claim for ADA-prohibited medical inquiries, *see* [22] at 17–19, ¶¶ 71–90, it fails because Xeris inquired about Brode's vaccination status and being unvaccinated against COVID-19 is not a disability. *See* 42 U.S.C. § 12112(d)(4)(A) ("A covered entity shall not … make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability."); *Ellis,* 2023 WL 5722887, at *3; *Mendoza v. J.M. Smucker Co.*, No. 5:22-cv-02281, 2023 WL 3588280, at *4–5 (N.D. Ohio May 22, 2023) (collecting cases and referencing EEOC guidance).

4

### A. Protected Activity

Statutorily protected activity under the ADA can range from formal charges to informal complaints, as long as the complaint gives the employer sufficient notice that the employee is invoking her rights under the ADA or protesting ADA-violations. *See Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009). The employee's invocation of the ADA does not have to be successful, or even correct, to protect the employee from retaliation by their employer. *See Koty*, 900 F.3d at 519 ("Employers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims are discrimination are meritless.") (citation omitted). Brode alleges that she engaged in protected behavior by opposing tests and inquiries, questioning Xeris's vaccine policy, obtaining an exemption, writing a letter challenging the accommodation she received, sending a "Notice of Discrimination, Harassment, and Retaliation Based on Disability," and filing an EEOC charge. [22] at 25, ¶ 144. Many of the communications between Brode and Xeris are attached to the complaint and others are summarized in Brode's affidavit. *See* [23] at 9–60.

Brode's communications with Xeris in the fall of 2021 do not qualify as ADA-protected activity because they do not give Xeris notice that Brode is an individual with disabilities or otherwise seeking to invoke rights under the ADA. The complaint does not need to use the word "disability" or "ADA", but the substance of a complaint or communication must indicate or lead to a reasonable inference that the employee was discriminated against *because* of her disability or that she was opposing employer conduct *because* it violated the ADA. *See McHale v. McDonough*, 41 F.4th 866, 871–72 (7th Cir. 2022) ("The charge—whether formal or informal—must be about the discrimination.") (Rehabilitation Act) *and Alley v. Penguin Random House*, 62 F.4th 358, 362 (7th Cir. 2023) (opposition to sexual harassment prohibited by Title VII was not protected activity because plaintiff did not communicate concerns or allegations of sexual harassment to employer) (Title VII). Brode's fall 2021 communications were about morals, religious beliefs, and personal choice. *See* [23] at 3, ¶ 17 *and* [23] at 11–12, 14–15; *see also Brode v. Xeris Pharms., Inc.*, No. 22-cv-2903, 2023 WL 2711770, at *5 (N.D. Ill. Mar. 30, 2023). There simply is not a basis in those written communications for Xeris to infer that Brode was opposing the vaccine requirement on ADA grounds or otherwise invoking her rights under the ADA.

Brode argues that Xeris should have been able to discern that Brode's behavior was protected by the ADA because she said that getting vaccinated was a personal choice and she was claiming her rights to refuse "experimental medical treatments." [28] at 7. Aside from concluding that Xeris's COVID-19 vaccine requirement violates the ADA, Brode does not explain how personal choice in medical treatments or the right to refuse "experimental medical treatments" are rights protected under the ADA. Nor does she provide support for her assertion that Xeris had the burden to decipher from her communications that she was invoking her right to be free from disability-related inquiries or medical examinations. When an employee alleges retaliation, the law puts the burden on the employee to have given her employer some

5

kind of notice that she was being discriminated against *because of* her protected characteristic or that she was opposing conduct prohibited by the relevant employment statute. *See Skiba v. Illinois Cent. Ry. Co.*, 884 F.3d 708, 718 (7th Cir. 2018); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006); *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 727–28 (7th Cir. 2003). Brode's communications in the fall of 2021 did not give Xeris a basis to believe that she was invoking rights under the ADA, so any claim of retaliation based on those communications fails.

### B. Adverse Action and Causation

Brode's March 2022 email and EEOC charge expressly invoke the ADA.[3] They are statutorily protected activity and the termination of plaintiff's employment is an adverse action that followed that activity, but Brode does not allege that she was fired *because* she wrote the email or filed the charge and that dooms her retaliation claim. A plaintiff must allege that her protected activity is the "but-for" cause of her termination. *Parker v. Brooks Life Sci., Inc.*, 39 F.4th 931, 936 (7th Cir. 2022). Brode alleges that she was terminated "for refusing treatments, tests and inquiries," [22] at 22, ¶ 123, and that "[u]ltimately, she was fired for being 'untreated.'" [22] at 28, ¶ 167. Finally, Brode alleges that "Defendant's implementation of the 'Covid policy' is a direct and proximate cause of defendant's decision to require new terms and conditions of employment that … terminated plaintiff's employment." *Id.* ¶ 168. Taking those allegations as true, then, Brode alleges that she was fired because she did not get the COVID-19 vaccine, not because she sent the March 2022 email and filed EEOC charges. Firing an employee because they refuse to get a COVID-19 vaccine is not a violation of the ADA. Brode does not allege the March 2022 email and EEOC charges were the "but-for" cause of her firing, so her retaliation claim fails.

This is Brode's second attempt to present her claims and she has not made allegations which, put together, state plausible claims for relief under the ADA. The problems in Brode's complaint—her attempt to plead that being unvaccinated is a disability under the ADA and her allegations that she was fired for being unvaccinated—cannot be fixed to state a claim under the ADA, so amendment is futile. *See Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017). Brode's complaint is dismissed with prejudice.

### III. Sanctions

Brode believes she is pressing a novel theory of ADA liability, but she has instead strung together bits and pieces of jargon that don't cohere into a claim at all. The court has tried to explain that federal complaints can be simply stated. *See* [11];

---

[3] A plaintiff may make a retaliation claim even when their initial claim of discrimination or opposition to ADA-prohibited activity is meritless. *See Koty*, 900 F.3d at 519 (citing *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011)).

[20]; [21] at 10, 15–16. Defendant now moves for sanctions against Brode because she did not follow the court's advice to use a form complaint as a template for an amended complaint. [25] at 15. Brode did not follow the court's directions and her second amended complaint is filled with cumbersome argument that confuses the issues and no doubt made it difficult for defendant to respond. But it seems more likely that Brode misunderstands the law, and she was not intentionally or contemptuously flouting the court's orders. Defendant invokes Rule 11, but did not file a separate motion. *See* Fed. R. Civ. P. 11(c)(2). Sanctions should be limited to what suffices to deter repetition of the conduct, and here, dismissal with prejudice should be enough to send the message that defendant's vaccination requirement was not disability discrimination or retaliation, no matter how many words Brode uses to try to claim otherwise. The motion for sanctions is denied.

ENTER:

Date:   November 2, 2023

_____
Manish S. Shah
U.S. District Judge