UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIS BRODE,<br><br>                  Plaintiff,<br><br>    v.<br><br>XERIS PHARMACEUTICALS, INC.,<br><br>                  Defendant. | No. 22 CV 2903<br><br>Judge Manish S. Shah |

ORDER

Plaintiff's motion for relief from final judgment, [33], is denied.

STATEMENT

Alexis Brode sued her former employer, Xeris Pharmaceuticals, alleging that it violated her rights under the American with Disabilities Act when it instituted a COVID-19 vaccine requirement for its employees. [1].[1] Brode's complaint was dismissed for failure to state a claim, she filed an amended complaint, and that complaint was also dismissed, this time with prejudice. [31]. Brode now moves to vacate the final judgment order, arguing that the wrong legal analysis was applied to her claims. [33].

Brode invokes Fed. R. Civ. P. 59(e) in her motion, but I construe it as a motion under Rule 60(b) because the motion was filed more than 28 days after entry of final judgment. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). Motions under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Final judgment was entered on November 2, 2023. [32]. The "filing date" is determined by the day the clerk files the papers, not the date that the papers were mailed. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604–05 (7th Cir. 2006). Brode's motion was filed on December 5, 2023, [33], which was 33 days after entry of judgment (excluding November 2nd as per Fed. R. Civ. P. 6(a)(1)(A)). There is no extension of time for Rule 59(e) motions. Fed. R. Civ. P. 6(b)(2).

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings.

A court may relieve a party from a final judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by a party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged, or it is no longer equitable to enforce the judgment; or (6) any other reason justifies relief, often referred to as extraordinary circumstances. *See* Fed. R. Civ. P. 60(b)(1)–(6). A mistake under Rule 60(b)(1) can include judicial mistake of law, *see Kemp v. United States*, 596 U.S. 528, 534 (2022) but generally a party invoking Rule 60(b)(1) must claim grounds for relief that could not be used to obtain a reversal by direct appeal. *See Banks*, 750 F.3d at 667 (internal citation omitted). Judicial mistakes appropriately raised on a Rule 60(b)(1) motion include an alleged miscalculation of time, *see Kemp*, 596 U.S. at 531–32, or a district judge's failure to review a magistrate judge's report and recommendation. *See Mendez v. Republic Bank*, 725 F.3d 651, 658–59 (7th Cir. 2013).

In her motion, Brode argues that the November 2, 2023 order failed to apply the correct pleading standard, introduced a new fact by phrasing her disability claim as being perceived as disabled because she was unvaccinated, failed to analyze whether Xeris violated the ADA by not providing appropriate accommodations or making disability-related inquiries, and misread her amended complaint in its retaliation analysis. *See generally* [33]. Brode's arguments are that I got it wrong on the law—a basis for appeal, but not for relief from the judgment under Rule 60(b)(1).

Brode does not point to any legal authority for the proposition that there is a different pleading standard for ADA claims than for any other claim in federal court. Brode cites to a Senate Report on the policy reasons behind the 2008 amendments to the ADA, [33] at 1–2, but that is not a source of law on the rules for pleading a claim in federal court. I have considered and rejected Brode's allegations that she was regarded as disabled, [31] at 3–4, and that Xeris made ADA-prohibited medical inquiries. [31] at 4 n.2.[2] I also disagreed with Brode's argument that her fall 2021 communications with Xeris constituted ADA-protected activity because none of her allegations suggested that she was invoking rights under the ADA. [31] at 5. Brode's new argument that the accommodation Xeris offered her violated the ADA is without merit for the same reason (it was not a response to ADA-protected activity). *See* [33] at 3–4. Finally, Brode argues that her retaliation claim was properly alleged and points to certain paragraphs in her amended complaint. *See* [33] at 5 (citing ¶¶ 127–30, 167. But I addressed Brode's retaliation allegations in my order on the motion to

---

[2] A plaintiff invoking protections against medical inquiries, examinations, disclosures, or retaliation under the ADA need not be a person with a disability. *See* [33] at 4. But any claim for a violation of the ADA based on Xeris inquiring about Brode's vaccination status was precluded because vaccination status is not a disability. [31] at 4 n.2. Brode did not allege that Xeris disclosed her medical information to a third party. Finally, Brode's retaliation claim failed because she did not allege that her protected activity was the reason for her termination; the basis for dismissal was not because her allegations of disability were faulty. [31] at 6.

dismiss, *see* [31] at 6 (discussing ¶¶ 123, 167), and Brode has not pointed to a clear error of law or fact in that analysis.

Brode has likewise not pointed to any extraordinary circumstance that might provide the basis for relief from judgment under Rule 60(b)(6). *See Banks*, 750 F.3d at 668.

Brode did not timely file a notice of appeal of the November 2, 2023 order dismissing her complaint with prejudice. Her motion to reconsider or vacate did not toll the deadline to file the notice of appeal because it was not filed within the time for filing a motion under Rule 59. *See* Fed. R. App. P. 4(a)(4)(A)(iv)–(vi); *see also York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). Any notice of appeal of this order must be filed within 30 days of entry. Fed. R. App. P. 4(a)(1)(A).

ENTER:

Date: April 10, 2024

Manish S. Shah
U.S. District Judge